UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SANDRA B. TOODLE, | ) | CASE NO.  1:08 CV 0442 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CONDALEEZA RICE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

The above-captioned *in forma pauperis* action was filed on February 21, 2008 by *pro se* plaintiff Sandra B. Toodle.  Ms. Toodle names the following defendants: Condaleezza Rice, Geraldine Turner Jones, David Beck, Albert P. Brewer, Wolstein Research Building and Malcolm Johnson.  The complaint alleges several "injuries" were suffered by the plaintiff and her family.

BACKGROUND

Ms. Toodle's complaint is a series of unrelated sentences handwritten on a single sheet of paper.   Attached to the complaint is another page of similarly disjointed statements and conclusions.   The essence of her claims relate to the "cruel and unusual punishment" to which her family has allegedly been subjected. Describing Sharon Boykin King and Judith Boykin Grimes ("Sharon's mother") as "plaintiffs" in this case, Ms. Toodle maintains that they were given "a 1 yr. in the Atlanta State Penitentiary for Women." (Compl. at 1.)  Since that time, "a black man claiming

he was going to marry her," brought Sharon back to Cleveland, Ohio from Denver, Colorado. When

Sharon arrived, the man to whom she was to be married "was not available."

In the attachment to her complaint, Ms. Toodle explains that Attorney Geraldine

Turner Jones and the Klu Klux Klan have had her family members "raped with animals then had

their limbs cut off at the Wolstein Research Building on Case Western Reserve's Campus without

asking me could they use any of them." (Pl.'s Atth.) For the reasons stated below, this action is

dismissed pursuant to 28 U.S.C. § 1915(e).

STANDARD OF REVIEW

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S.

364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court shall

dismiss an action under section 1915(e) if it is frivolous.[1]  An action is frivolous if it lacks an

arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898

F.2d 1196 (6th  Cir. 1990).

FAILURE TO STATE A CLAIM

_____

[1] 28 U.S.C. § 1915(e) states, in pertinent part:

[T]he court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ... .

A frivolous claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th  Cir. 1997) (court should screen all cases under section 1915(e); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

A court should make a reasonable attempt to read a *pro se* litigant's pleadings to state a valid claim despite any failure to cite proper legal authority, confusion of legal theories, poor syntax, or unfamiliarity with the pleading requirements. The fact that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers "does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996).  Indeed, courts should not assume the role of advocate for the pro se litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). It is with these standards in mind that Ms. Toodle's complaint must be dismissed. *Ashiegbu v. Purviance*, 74 F.Supp.2d 740, 746 (N.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir. 1999).

The court takes judicial notice of its own records in observing that this is the fourth frivolous lawsuit filed by plaintiff in this court.[2]  Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions.  *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986).  Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others.  *Id.*  To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings.  *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All

---

[2]     The previous lawsuits dismissed as frivolous in this court are: *Toodle v. Bush*, 1:06 CV 2880 (N.D. Ohio 2006)(Polster, J.); *Toodle v. Jean Albritton Center*, 1:07 CV 2072 (N.D. Ohio 2007)(Boyko, J.); *Toodle, et al. v. Adrian Farms et al*, 1:07 CV 3890 (N.D. Ohio 2007)(O'Malley, J.).

-3-

Writs Act, 28 U.S.C. § 1651(a)(citations omitted).[3]

Plaintiff has established a pattern of filing complaints in this court which are patently frivolous and vexatious, and abuse the judicial process.  Accordingly, **Sandra B. Toodle** is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court from the Miscellaneous Duty Judge in accordance with the following:

1.    She must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document she proposes to file and she must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).

2.    As an exhibit to any motion seeking such leave, she must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by her in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

3.    By means of a second exhibit, she must identify and list:  (a) the full caption of each and every suit which has been previously filed by her or on her behalf in any court against each and every defendant in any new suit she wishes to file, and (b) the full caption of each and every suit which she has currently pending.

4.  As a third exhibit to the motion, she must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing.  If the motion is denied, the document shall not be filed.  Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which she may be

---

[3]Other circuits have endorsed enjoining these types of filers.  *See, Day v. Allstate Ins. Co.*,788 F.2d 1110 (5th Cir.1986); *Cotner v. Hopkins*, 795 F.2d 900 (10th Cir. 1986); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984); *In re Martin-Trigona*, 763 F.2d 140 (2d Cir. 1985); *In re Green*, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); *Green v. Warden*, 699 F.2d 364 (7th Cir. 1983), *cert. denied*, 461 U.S. 960 (1983); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (per curiam); *Gordon v. Dep't of Justice*, 558 F.2d 618 (1st Cir. 1977); *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972).

-4-

punished accordingly.

        Further, to prevent further harassment of the court by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

        (1)  Any document submitted by Sandra Toodle prior to her obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

        (2)  The Clerk's Office shall not accept any filing fees, CIS forms, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Ms. Toodle files, unless and until leave is granted.

        Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.


            /s/ Patricia A. Gaughan
            PATRICIA A. GAUGHAN
            UNITED STATES DISTRICT JUDGE


Dated: 5/30/08